# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BAEYAN BROWN, et al.,               )
                                    )
       Plaintiffs,               )
                                    )
vs.                                 )     NO. CIV-09-1096-HE
                                    )
POP RESTAURANTS, LLC,               )
d/b/a POPEYE'S CHICKEN              )
                                    )
       Defendant.                )

## ORDER

Plaintiffs Baeyan Brown, Sandra Haynes, Javonte Mayberry and Korie Postin sued their former employer, Pop Restaurants, L.L.C., d/b/a Popeye's Chicken ("Popeye's") alleging discriminatory and retaliatory discharge claims under both federal and state law. Plaintiff Haynes asserted an additional Burk[1] tort claim, alleging she was terminated in retaliation for testifying on behalf of plaintiff Mayberry at a hearing before the Oklahoma Employment Security Commission ("OESC"). Popeye's has filed a motion for summary judgment contending plaintiffs have failed to establish prima facie cases and that they lack evidence demonstrating that defendant's proffered non-discriminatory reasons for their terminations were pretextual.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to the plaintiffs. *See* Davidson v. America Online, Inc.,

---

[1]*Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

337 F.3d 1179, 1182 (10th Cir 2003). Applying the Rule 56 standard, the court concludes that material questions of fact exist with respect to the plaintiffs' claims.

Accordingly, defendant's motion for summary judgment [Doc. #75] is **DENIED** except for plaintiff Haynes' state tort claim based on her testimony before the OESC. In plaintiffs' response brief, plaintiff Haynes states that she is withdrawing that claim. However, at this stage of the litigation, plaintiff Haynes will not be allowed to amend the complaint and withdraw the claim. As she has not stated a basis for avoiding summary judgment as to that claim, judgment as to it will be entered in defendant's favor when the action is concluded with respect to all claims. Fed.R.Civ.P.54(b).

**IT IS SO ORDERED**.

Dated this 20th day of January, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE